IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:20CR1 |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| DUANE S. MULVAINE, | |
| Defendant. | |

This matter is before the before the Court upon the United States of America's Motion for Preliminary Order of Forfeiture ([Filing No. 17](#)). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. Defendant Duane S. Mulvaine entered into a Plea Agreement ([Filing No. 15](#)) whereby he agreed to enter a plea of guilty to Counts I -VI and the Forfeiture Allegation of the Information.

2. Counts I -VI charged the defendant with violations of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(2), and 3374 and 28 U.S.C. § 2461.

3. The Forfeiture Allegation charged the defendant with using the following property to facilitate the offenses, and/or that the currency was derived from proceeds obtained directly or indirectly as a result of the commission of the offenses:

(a) Howa Model 1500, .223 caliber bolt-action rifle with Nikko Sterling 2.5-10X42 scope and Mack Brothers MB762S suppressor and four (4) rounds of unfired ammunition; serial numbers: Rifle-B336776; Scope-415B00087; Suppressor-A5013.

(b) Savage M-25 .17 Hornet caliber bolt-action rifle with Nikon PR31 4-12X40 mm scope and SilencerCo Osprey Micro 22LR suppressor; serial numbers: Rifle-J027680; Scope-4302454; Suppressor-OSPM-2583.

(c) SilencerCo Omega .300 caliber suppressor; serial number: OMG-11206.

(d) Hogan Model H223 Multi-caliber semi-automatic rifle lower receiver with matching .223 caliber upper receiver mated to a Nikon P-223 scope and quick-detach suppressor attachment; serial numbers: Lower receiver-12-00304; Scope-2513469.

(e) Browning BAR semi-automatic rifle with Nikon scope; serial numbers: Rifle-311ZW15754; Scope-6107038.

(f) Mathews Halon compound bow; serial number 1854898.

(g) Barnett RAZR Carbon Lite crossbow and camouflage carrying case; serial number 773[rest defaced].

4. By virtue of said pleas of guilty, defendants have forfeited their interests in the subject currency. Accordingly, the United States should be entitled to possession of said currency pursuant to 21 U.S.C. § 853.

5. The Motion for Preliminary Order of Forfeiture should be granted.

**IT IS ORDERED:**

A. The government's Motion for Preliminary Order of Forfeiture (Filing No. 17) is granted.

B. Based upon the Forfeiture Allegation of the Information and the plea of guilty, the government is hereby authorized to seize the above described property.

C. Defendant's interest in the property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The property is to be held by the government in its secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Mulvaine, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this 10th day of March, 2020.

BY THE COURT:

**Michael D. Nelson**
**United States District Court Judge**